IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
<u>(Baltimore Division)</u>

| | | |
|---|---|---|
| **In re:** | \* | |
| **SP GATEWAY CONDOS I, LLC** | \* | Case No. 09-31366-JFS |
| | | (Chapter 11) |
| **Debtor.** | \* | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**LIMITED OBJECTION TO DEBTOR'S MOTION TO ALLOW SALE
<u>OF REAL PROPERTY FREE AND CLEAR OF LIENS AND ENCUMBRANCES</u>**

Helix Construction Services, Inc., ("Helix"), by and through its undersigned counsel Thomas D. Renda and Miles & Stockbridge PC, hereby files its Limited Objection to the Debtor's Motion to Allow Sale of Real Property Free and Clear of Liens and Encumbrances (the "Motion"). In support of its Limited Objection, Helix states as follows:

<u>Background.</u>

1. SP Gateway Condos I, LLC (the "Debtor") commenced this bankruptcy case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on November 4, 2009.

2. On or about November 18, 2009, the Debtor filed the Motion seeking to sell the Property for Two Hundred Fifty Thousand One Hundred Eighty Five Dollars ($250,185.00).

3. Helix Construction Services, Inc. was served via first-class mail and received a copy of Debtor's motions on the afternoon of Friday, November 20, 2009.

4. Debtor claims to own real property located at 8535 Veterans Highway, Severna Park, Maryland (the "Property"). Severn Savings Bank ("Severn") has an alleged first priority lien on the Property by virtue of a Deed of Trust on the Property.

5. Prior to the Debtor filing for bankruptcy, on October 8, 2009, the Debtor entered into a contract with Samuel K. Johnson and Billie E. Johnson ("Buyers") to sell 8535 Veterans Highway, #319, Severna Park, Maryland (the "Unit") for Two Hundred Fifty Thousand One Hundred Eighty Five Dollars ($250,185.00)[1].

6. The Debtor proposes to disburse the proceeds of the sale of the Unit to satisfy post-petition administrative expenses first and then, the remaining money to Severn, the alleged first priority lienholder.

7. Debtor proposes to disburse Forty-four Thousand Four Hundred and Five Dollars ($44,405.00) from the sale proceeds to pay a real estate agent commission, cover the costs of finishing the Unit, and cover the Debtor's costs and expenses in preserving and disposing of the Unit.

## Grounds for Limited Objection

8. Debtor, in its Motion to Shorten Time, sought to allow ten days for any objection to its Motion to Allow the Sale Free and Clear of Any Liens and was granted by this Court on November 23, 2009. This requires that any objecting party file an opposition to its Motion to Sell on or before November 30, 2009.

9. As this Court is undoubtedly aware, the Thanksgiving Holiday falls on November 26th and 27th, 2009. Granting Debtor's Motion to Shorten Time effectively gives any party in interest four working days to oppose Debtor's Motion.

10. Helix does not object to the Debtor's sale of the Unit, but objects to the Debtor's proposed use of the sale proceeds.

---

[1] In Debtor's Motion, Debtor states that the assessed value of the Unit is Three Hundred Sixty-Five Thousand Two Hundred and Twenty Dollars ($365,220.00). Given the disparity between the sale value and the assessed value of the Unit, Debtor should put forth evidence of its effort to market the Unit and evidence of the value of the Unit.

Client Documents:4813-8861-8757v1|100973-000000|11/25/2009

2

11. Debtor has not offered any proof or documentation to substantiate the amounts Debtor proposes to disburse in post-petition administrative expenses. Debtor has not provided documentation to show which real estate agent was used for the sale or what fee the real estate agent charges. Debtor has also not provided a breakdown of the other costs associated with the sale of the Unit.

12. Absent proof of the amount of the expenses associated with the sale of the Unit, Helix objects to the Debtor's use of the proceeds of the sale to pay those expenses.

13. Debtor alleges in the Motion that Severn has a first priority lien on the Property by virtue of a Deed of Trust on the Property.

14. However, Debtor has offered no proof or documentation that shows that Severn has a valid, duly perfected first priority lien on the Property.  Debtor has not provided the Deed of Trust allegedly securing the Property, nor has the Debtor provided any information as to the date and place of recordation of such Deed of Trust.

15. Absent proof that Severn holds a valid, duly perfected first priority security interest in the Property, Helix objects to the disbursement of the proceeds of the sale to Severn.

**WHEREFORE,** Helix Construction Services, Inc. respectfully requests that the Court Enter an Order: (a) approving the sale of the Unit on the terms and conditions set forth above; and (b) granting such other and further relief as this Court deems fair and just.

Date: November 25, 2009.

/s/ Thomas D. Renda
Thomas D. Renda
Fed. Bar No.: 06690
Miles & Stockbridge, P.C.
10 Light Street
Baltimore, Maryland  21202
Phone: (410) 385-3418

/s/ Robert L. Ferguson, Jr.
Robert L. Ferguson, Jr.
Federal Bar No. 00777
Gregory P. Currey
Federal Bar No. 28583
100 S. Charles Street, Suite 1401
Baltimore, MD 21201-2725
Phone: (410) 837-2200

*Attorneys for Helix Construction Services, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of November, 2009, a copy of the foregoing ***LIMITED OBJECTION*** was served by first-class, postage prepaid, to:

>Robert B. Scarlett, Esq.
>Michael Stephen Myers , Esq.
>Scarlett & Croll, P.A.
>201 North Charles Street
>Suite 600
>Baltimore, MD 21201
>
>Office of the United States Trustee
>Garmatz Federal Courthouse
>101 West Lombard Street, Suite 2625
>Baltimore, MD 21201

>/s/ Thomas D. Renda
>Thomas D. Renda
>
>/s/ Robert L. Ferguson, Jr.
>Robert L. Ferguson, Jr.
>Federal Bar No. 00777
>Gregory P. Currey
>Federal Bar No. 28583