IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re: | * |
| SP GATEWAY CONDOS I, LLC | *   Case No. 09-31366-RAG |
| | (Chapter 11) |
| Debtor. | * |

* * * * * * * * * * * * *

**SUPPLEMENTAL OBJECTION TO DEBTOR'S AMENDED MOTION TO ALLOW SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS AND ENCUMBRANCES**

Helix Construction Services, Inc., ("Helix"), by and through its undersigned counsel Thomas D. Renda and Miles & Stockbridge PC, hereby files its Supplemental Objection to the Debtor's Amended Motion to Allow Sale of Real Property Free and Clear of Liens and Encumbrances (the "Amended Motion"). In support of its Objection, Helix states as follows:

**I.   BACKGROUND.**

1.   SP Gateway Condos I, LLC (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on November 4, 2009 (the "Petition Date").

2.   SP Gateway, LLC ("SP Gateway") filed its voluntary Chapter 11 petition on November 4, 2009 in the United States Bankruptcy Court for the District of Maryland (Case No. 09-31367).

3.   Prior to the Debtor filing for bankruptcy, on or about October 8, 2009, the Debtor entered into a contract with Samuel K. Johnson and Billie E. Johnson ("Buyers") to sell 8535 Veterans Highway, #319, Millersville, Maryland (the "Unit") for Two Hundred Fifty Thousand One Hundred Eighty-Five Dollars ($250,185.00).

4.   On or about November 18, 2009, the Debtor filed a Motion to Allow Sale of Real Property Free and Clear of Liens and Encumbrances (the "Original Motion").

5. On or about November 25, 2009, Helix filed an Objection to Motion to Allow Sale of Real Property Free and Clear of Liens and Encumbrances.

6. On or about December 16, 2009, the Debtor filed an Amended Motion to Allow Sale of Real Property Free and Clear of Liens and Encumbrances (the "Amended Motion").

7. On or about June 2, 2006, the Debtor and SP Gateway, LLC ("SP Gateway"), an affiliate of the Debtor, became indebted to Severn Savings Bank ("Severn") in the amount of Fifteen Million Five Hundred Eleven Thousand One Hundred Seventy-One Dollars ($15,511,171.00) pursuant to an Indemnity Deed of Trust ("IDOT") filed in the Land Records Office of Anne Arundel County. The IDOT is attached hereto as **Exhibit A**.

8. The IDOT is secured by property located at 8529 Veterans Highway, Millersville, MD; 8531 Veterans Highway, Millersville, MD; 8533 Veterans Highway, Millersville, MD; 8535 Veterans Highway, Millersville, MD; 8537 Veterans Highway, Millersville, MD; 8539 Veterans Highway, Millersville, MD; and 8541 Veterans Highway, Millersville, MD (the "Properties").

9. The Debtor claims to own the real property located at 8535 Veterans Highway, Millersville, Maryland (the "Property").

10. Helix is the Debtor's largest unsecured creditor. The Debtor remains indebted to Helix for construction services.

11. The Debtor filed its Schedules and Statement of Financial Affairs on November 4, 2009, but subsequently filed Amended Schedules and Statement of Financial Affairs on November 5, 2009.

12. SP Gateway filed its Schedules and Statement of Financial Affairs on November 4, 2009, but also subsequently filed Amended Schedules and Statement of Financial Affairs on November 5, 2009.

13. The Schedules of SP Gateway appear to be substantially inconsistent with certain public information.

14. SP Gateway's Amended Schedule D references two outstanding loans between SP Gateway, LLC and Severn. The first loan referenced on SP Gateway, LLC's Schedule D is in the amount of Thirteen Million Six Hundred Twenty One Thousand Eight Hundred Eighty-Two Dollars ($13,621,882.00). The second loan referenced on SP Gateway, LLC's Schedule D is in the amount of Eight Million Four Hundred Thousand Dollars ($8,400,000.00). The outstanding loans total Twenty Two Million Twenty One Thousand Eight Hundred Eighty-Two Dollars ($22,021,882.00).

15. A representative of SP Gateway testified at the Meeting with Creditors that SP Gateway was current on the loans and was not in payment default. The representative further testified that SP Gateway's Schedules accurately depicted the amount of indebtedness to Severn.

16. However, in conjunction with the Original Motion and the Amended Motion, the Debtor submitted only one loan document, the above-referenced IDOT, as evidence of its indebtedness to Severn.

17. Additionally, Helix requested a title search on both Debtor's and SP Gateway's properties which uncovered the IDOT encumbering the properties, <u>but uncovered no additional indebtedness to Severn</u>.

18. The IDOT appears to show that SP Gateway is indebted to Severn in the amount of Fifteen Million Five Hundred Eleven Thousand One Hundred Seventy-One Dollars

($15,511,171.00), not the Twenty Two Million Twenty One Thousand Eight Hundred Eighty-Two Dollars ($22,021,882.00) SP Gateway stated on its Amended Schedule D.

19. In addition, at the Section 341 Meeting herein, the Debtor's representative testified that all proceeds of the loans from Severn had been used in the Debtor's business. However, later the same day, counsel for the Debtor called counsel for Helix, and stated that the 341 testimony had been incorrect, and that a portion of the loan proceeds had been used to cover salary expense of Concorde Builders, Inc. ("Concorde"), a non-bankrupt affiliate of the Debtor.

20. Via a letter dated December 4, 2009, Helix sought certain documents from Debtor and SP Gateway, LLC to support SP Gateway, LLC's scheduled amount of indebtedness. The documents that Helix requested are: (a) copies of all loan documents pertaining to loans by Severn that encumber the property of the Debtor or SP Gateway, LLC; (b) copies of draw requests pursuant to which funds were drawn to construct the improvements to the real property of the Debtor and SP Gateway, LLC; (c) loan balance statements from Severn pertaining to any loans which are secured by the property of the Debtor or SP Gateway, LLC; (d) appraisals in the Debtor's possession; and (e) title reports for the Debtor's real estate. A copy of this letter is attached hereto as **Exhibit B**.

21. As of the date of this Motion, Helix has received none of the documents from the Debtor that Helix requested in the aforementioned letter.

## II. Grounds for Supplemental Objection

22. Helix adopts the grounds set forth in its Limited Objection to Debtor's Motion to Allow Sale of Real Property Free and Clear of Liens and Encumbrances, filed on or about November 25, 2009 (Docket No. 27).

23.     Helix objects to payment of the net proceeds of the sale to Severn on the grounds that the Debtor and SP Gateway have not correctly stated the extent of their joint indebtedness to Severn.

24.     Helix objects to payment of the net proceeds of the sale to Severn because at least a portion of the Severn loan was used to fund the operations of an affiliate.  The use of the loan proceeds to pay the salaries of Concorde may constitute an avoidable transfer since the Debtor received no reasonably equivalent value. See In re Tousa, Inc., 2009 WL 3519403 (Bankr. S.D. Fla., 2009).

WHEREFORE, Helix Construction Services, Inc. respectfully requests that the Court Enter an Order: (a) approving the sale of the Unit on the terms and conditions set forth above; (b) avoiding the transfer of salaries to Concorde Builders, Inc.; and (c) granting such other and further relief as this Court deems fair and just.

Dated: January 11, 2010.

/s/ Thomas D. Renda
Thomas D. Renda
Fed. Bar No.: 06690
Miles & Stockbridge, P.C.
10 Light Street
Baltimore, Maryland  21202
Phone: (410) 385-3418

/s/ Robert L. Ferguson, Jr.
Robert L. Ferguson, Jr.
Federal Bar No. 00777
Gregory P. Currey
Federal Bar No. 28583
100 S. Charles Street, Suite 1401
Baltimore, MD 21201-2725
Phone: (410) 837-2200

*Attorneys for Helix Construction Services, Inc.*

**CERTIFICATE OF SERVICE**

   I hereby certify that I caused to be served by first-class mail, postage prepaid, a true and accurate copy of the foregoing *SUPPLEMENTAL OBJECTION* to the following persons, this 12th day of January, 2010:

        Robert B. Scarlett, Esq.
        Michael Stephen Myers , Esq.
        Scarlett & Croll, P.A.
        201 North Charles Street
        Suite 600
        Baltimore, MD 21201

        Office of the United States Trustee
        Garmatz Federal Courthouse
        101 West Lombard Street, Suite 2625
        Baltimore, MD 21201

        /s/ Thomas D. Renda_____
        Thomas D. Renda